IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PROMOS TECHNOLOGIES, INC.,

    Plaintiff,

v.

SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., AND SAMSUNG AUSTIN SEMICONDUCTOR, LLC,

    Defendants.

Civil Action No. 18-307-RGA

## MEMORANDUM OPINION

Michael P. Kelly and Daniel P. Silver, MCCARTER ENGLISH LLP, Wilmington, DE; Craig Kaufman, Thomas Gray, Kai Tseng, Jerry Chen, and Kevin Jones, TECHKNOWLEDGE LAW GROUP LLP, Redwood Shores, CA, attorneys for Plaintiff.

Adam W. Poff and Pilar G. Kraman, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE; Matthew M. Wolf, Ali R. Sharifahmadian, and Jin-Suk Park, ARNOLD & PORTER KAYE SCHOLER LLP, Washington, DC, attorneys for Defendants.

October 31, 2018


**ANDREWS, U.S. DISTRICT JUDGE:**

Pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. (D.I. 9). The issues are fully briefed. (D.I. 10, 13, 15). For the reasons stated below, the Court will grant Defendants' motion to dismiss.

## I. BACKGROUND

Plaintiff Promos Technologies filed this suit on February 23, 2018 against Defendants Samsung Electronics Company, Samsung Electronics America, Samsung Semiconductor, and Samsung Austin Semiconductor (collectively "Defendants"). (D.I. 1). Plaintiff's Complaint asserts U.S. Patent Nos. 6,163,492 ("the '492 patent"), 6,469,559 ("the '559 patent"), 6,597,201 ("the '201 patent"), 5,934,974 ("the '974 patent"), and 6,099,386 ("the '386 patent"). Defendants filed a motion to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (D.I. 9).

The asserted patents are directed to different technologies. The '492 patent relates to programmable latches that enable modification of circuits without changing the masks used for circuit fabrication. ('492 patent col. 1:19-21). The '559 patent relates to systems and methods for eliminating pulse width variations in digital delay lines in integrated circuit devices. ('559 patent col. 1:25-33). The '201 patent relates to dynamic precoder circuitry. ('201 patent col. 1:13-16). The '974 patent and the '386 patent relate to chemical mechanical polishing. ('974 patent col. 1:7-9; '386 patent col. 1:8-10). Plaintiff alleges that Defendants directly infringed the '492 patent, the '599 patent, and the '201 patent through their manufacture and sale of Samsung DRAM products, specifically identifying the K4B2G0846D-HCH9 2 Gb DDR3 SDRAM. (D.I. 1 ¶¶ 23-24, 37-38, 49-50). Plaintiff further alleges that Defendants indirectly infringed the '492 patent, the '559 patent, and the '201 patent by both contributory infringement and induced

1

infringement. (*Id.* ¶¶ 32-35, 44-47, 56-59). Plaintiff also alleges that Defendants directly infringed the '974 and '386 patents under § 271(a) by using a CMP tool in manufacturing Samsung semiconductor devices. (*Id.* ¶¶ 61, 70). Finally, Plaintiff alleges that Defendants directly infringed the '974 patent under § 271(g) by importing semiconductor devices made by a process practicing all the limitations of one or more claims of the '974 patent. (*Id.* ¶ 62).

## II. LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

To sufficiently plead direct infringement, a plaintiff must allege sufficient facts to show a reasonable inference that the defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented

2

invention during the term of the patent therefor." 35 U.S.C. § 271(a). There are two types of indirect infringement: induced infringement and contributory infringement. 35 U.S.C. § 271(b) & (c). To sufficiently plead induced infringement, a plaintiff must allege facts "plausibly showing that [the alleged infringer] specifically intended [a third party] to infringe [the patent-in-suit] and knew that the [third party's] acts constituted infringement." *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). To plead contributory infringement, a plaintiff must allege facts plausibly showing that a defendant "offers to sell or sells within the United States or imports into the United States a component of a patented machine . . . especially made or especially adapted for use in an infringement of such patent, and not . . . suitable for substantial noninfringing use." 35 U.S.C. § 271(c).

## III. DISCUSSION

### A. Whether Pleading Infringement of "at Least" One Claim Satisfies Rule 12(b)(6)

Defendants assert that Plaintiff's Complaint is deficient because it pleads infringement of "at least" the explicitly named claims of the patents-in-suit but leaves open the possibility that other claims could also be infringed. (D.I. 10 at 17). Defendants argue that open-ended pleading is not permitted under Rule 12(b)(6) because (1) there are no allegations that the named claims are representative of the unnamed claims, (2) it deprives Defendants of notice of infringement, and (3) case management is not an acceptable substitute for appropriate pleading under Rule 12(b)(6). (*Id.* at 12-13, 18; D.I. 15 at 8). Plaintiff responds that open-ended pleading by identifying representative claims has been widely accepted under the *Twombly* and *Iqbal* standards for pleading.[1] (D.I. 13 at 15-16).

---

[1] The Court declines to consider Plaintiff's citations to the Sedona Conference Guidelines because they are not a summary of law, but of proposed best practices.

3

Under *Twombly* and *Iqbal*, the use of exemplary pleading of claims is sufficient to satisfy Rule 12(b)(6). This issue has been addressed by at least one court in this district. In *Philips v. ASUSTeK Comput. Inc.*, the court held that providing "specific details of at least one of the method and device claims allegedly infringed under each patent-in-suit" was sufficient to satisfy the pleading requirements under Rule 12(b)(6). 2016 WL 6246763, at *4 (D. Del. Oct. 25, 2016). As the court in *Philips* discussed,

> This District's [Default Standards] provide that '[w]ithin 30 days after the Rule 16 Conference and for each defendant, the plaintiff shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.' These [Standards] were promulgated post *Twombly/Iqbal* and are consistent with the Federal Rules of Civil Procedure's and courts' concern that a complaint 'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests.

*Id.* at *3 (quoting D. Del. Default Std. § 4.a; *Twombly*, 550 U.S. at 555) (citing *Iqbal*, 556 U.S. at 698). Here, Plaintiff does provide details of at least one claim allegedly infringed under each asserted patent. Therefore, Plaintiff's identification of infringed claims is sufficient under Rule 12(b)(6).[2]

### B. Whether Pleading a Single Exemplary Infringing Product Satisfies Rule 12(b)(6)

Defendants argue that Plaintiff's Complaint is deficient because it identifies a broad category of Defendants' products (Samsung DRAM) as infringing, but only identifies a single exemplary infringing product. (D.I. 10 at 15-16). Defendants assert that identifying a single exemplary product does not provide sufficient notice of which products are actually accused of infringing. (*Id.* at 16). Plaintiff responds that identifying an exemplary product satisfies *Twombly* and *Iqbal* if the Complaint also sufficiently identifies *what* in the exemplary product infringes the claim limitations. (D.I. 13 at 12-13). Plaintiff asserts that the description of the

---

[2] I have previously ruled similarly. E.g., *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351 (D. Del. 2017).

infringing instrumentality gives Defendants sufficient notice that other products containing the same instrumentality also infringe the asserted patent, even if those other products are not specifically named. (*Id.* at 13). Defendants assert that Plaintiff must plead facts showing that other Samsung DRAM products are the same or similar to the identified exemplary product. (D.I. 10 at 16).

Under *Twombly* and *Iqbal*, pleading an exemplary product is sufficient to satisfy Rule 12(b)(6). This issue has been addressed by at least one court in this district. In *Philips*, the court held that providing "specific examples of at least one product [the defendant] manufactures or sells that contains mechanisms or processes performing the identified functions, and specific examples of the class of products which also contain" the identified functions was sufficient to satisfy the pleading requirements under Rule 12(b)(6). 2016 WL 6246763, at *4. As stated above, this District's Default Standards were promulgated post *Twombly/Iqbal* and are consistent with the Federal Rules of Civil Procedure. Here, Plaintiff does provide details of at least one product allegedly infringing each asserted patent. The identified product is a specific example of the class of products (Samsung DRAM) which Plaintiff alleges also contain the identified functions. Moreover, while Plaintiff fails to name a specific product that infringes the method claims of the '974 patent and the device claims of the '386 patent, identifying only a "CMP tool," it is possible for a Complaint to provide sufficient details for Defendants to identify the accused CMP tool. (D.I. 1 ¶¶ 64-67, 72-75). Therefore, Plaintiff's identification of infringing products and methods is sufficient under Rule 12(b)(6).

5

## C. Whether Plaintiff's Complaint Sufficiently Identifies Entities Responsible for Infringement

Defendants argue that Plaintiff's Complaint is deficient because all allegations of infringement are made against a collective "Samsung" without identifying which individual Defendant is responsible for specific acts of infringement. (D.I. 10 at 13). Regarding direct infringement, Defendants assert that Plaintiff must identify "which particular defendant or defendants are responsible for which allegedly infringing products, processes, or methods." (D.I. 10 at 13) (citing *M2M Solutions LLC v. Telit Commc'ns PLC*, 2015 WL 4640400, at *3 (D. Del. Aug. 5, 2015)). Defendants also argue that Plaintiff's allegations of indirect infringement are deficient because the Complaint fails to distinguish between Defendants, making it impossible to tell which Defendant is responsible for which action. (D.I. 10 at 21). Plaintiff argues that it is sufficient under Rule 12(b)(6) to allege infringing activity independently against each Defendant in the section of the Complaint addressing jurisdiction and venue. (D.I. 13 at 11). Defendants respond that Plaintiff's jurisdictional pleading cannot support claims of infringement against the individual Defendants because it solely alleges a stream of commerce theory of infringement. (D.I. 1 ¶¶ 8-15).

Rule 12(b)(6) requires a complaint alleging infringement against multiple defendants to "adequately identif[y] specific infringing acts" of each defendant. *Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, 2015 WL 7833206, at *3-*4 (D. Del. Dec. 3, 2015); *North Star Innovations, Inc. v. Toshiba Corp.*, 2016 WL 7107230, at *2 (D. Del. Dec. 6, 2016). Plaintiff is correct that a Complaint may be structured to refer to all named defendants collectively within a Count. To do so, a Count must incorporate previous allegations of the Complaint identifying the specific infringing acts of the individual defendants. *Mayne*, 2015 WL 7833206, at *3. As in *Mayne*, the

6

Counts referring to Defendants collectively as "Samsung" each re-allege all preceding paragraphs of the Complaint. (D.I. 1 ¶¶ 22, 36, 48, 60, 69). However, unlike in *Mayne*, the preceding paragraphs do not identify any Defendant's infringing acts. Plaintiff's jurisdictional allegations state that each entity "placed one or more of its infringing products into the stream of commerce" and "ships infringing products into and within this District through an established distribution channel." (*Id.* ¶ 9 (Samsung Electronics Co.), ¶ 11 (Samsung Electronics America), ¶ 13 (Samsung Semiconductor, Inc.), and ¶ 15 (Samsung Austin Semiconductor)). This is insufficient to allege infringement under 35 U.S.C. § 271(a) or § 271(g) as it provides no factual assertion about whether any Defendant makes, uses, offers to sell, or sells the infringing products within the United States, or imports them into the United States. Neither does Plaintiff's jurisdictional pleading aid in establishing which Defendant took which infringing action to make a plausible claim of either induced infringement or contributory infringement under § 271(b)-(c). Thus, Plaintiff's identification of the entities responsible for the infringing acts is insufficient under Rule 12(b)(6).

### D. Whether Plaintiff has Pled Sufficient Facts Under Rule 12(b)(6) to Support its Claims

#### i. Direct Infringement

Defendants assert that Plaintiff's Complaint fails to plead sufficient facts to support a cause of action for direct infringement of the identified claims. (D.I. 10. at 10). Specifically, Defendants argue that Plaintiff's factual allegations are deficient because they "parrot" the claim language of the patents-in-suit. (*Id.*). The only description of the circuit in the infringing product is drawn from the claim language; there are no alleged facts stating what the accused products contain that meets the claim limitations. (*Id.* at 11-12). Plaintiff asserts that it has

7

alleged sufficient additional factual information to go beyond "parroting" the claim language. (D.I. 13 at 8-9). Moreover, Plaintiff argues that a complaint is only required to plead enough facts to give Defendants fair notice of the claims and the grounds upon which the claims are based. (D.I. 13 at 10-11).

This Complaint presents two questions: whether the Plaintiff has pled sufficient facts as to (1) the identified K4B2G0846D-HCH9 2 Gb DDR3 SDRAM and (2) the broader product class of Samsung DRAM products. The Federal Circuit in *Disc Disease Solutions Inc. v. VGH Solutions, Inc.* stated that the identification of three specific accused products and allegations that each accused product met "each and every element of at least one claim of the [] Patent" were "enough to provide [the defendant] fair notice of infringement of the asserted patents." 888 F.3d 1256, 1260 (Fed. Cir. 2018). Here, Plaintiff has specifically identified K4B2G0846D-HCH9 2 Gb DDR3 SDRAM as the infringing product and alleges that it practices each limitation of at least one claim in the '492, '559 and '201 patents. (D.I. 1 at ¶¶ 24, 28, 50). Therefore, Plaintiff has sufficiently pled a claim of patent infringement for the K4B2G0846D-HCH9 2 Gb DDR3 SDRAM.

However, Plaintiff's reliance on *Disc Disease Solutions Inc. v. VGH Solutions, Inc.* to support its pleadings for the broad class of unidentified Samsung DRAM products and the use of an unidentified CMP tool in semiconductor manufacturing is misplaced. 888 F.3d 1256, 1260 (Fed. Cir. 2018); *see also F2VS Tech., LLC v. Ruckus Wireless, Inc.*, No. 17-cv-756-RGA, D.I. 28 (D. Del. Jul. 31, 2018). In *Disc Disease*, the Complaint specifically identified all accused products by name and with attached photos. *Id.* Here, Plaintiff only identifies a single product by name. (D.I. 1 ¶¶ 23-24, 37-38, 49-50). For the remainder of the accused infringing Samsung

DRAM products and the CMP tool used in semiconductor manufacturing, the Complaint fails to meet the pleading standard.

Where an accused infringing product is not identified by name, the plaintiff must allege how the accused infringing class of products infringe the asserted patents. The plaintiff must go beyond "merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element" to assert a plausible claim for infringement. *North Star*, 2017 WL 5501489, at *2. "There needs to be *some facts* alleged that articulate *why it is plausible* that the other party's product infringes that patent claim. . . ." *Id.*; *see also SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) ("Right now, Plaintiff makes two factual allegations. One, here are [] patents we own. Two, you sell some products . . . . Plaintiff makes a legal conclusion, to wit, the sales of your products infringe our patents. This is insufficient to plausibly allege patent infringement.").

Here, Plaintiff's Complaint substantially mirrors the claim language in the '559 patent, the '492 patent, the '201 patent, and the '386 patent.[3] (D.I. 10 at 11-12; D.I. 14-1 Ex. B-D, F). The question is whether Plaintiff's additions and alterations to the claim language are sufficient to allege facts articulating "why it is plausible that [Samsung DRAM products and the CMP tool] infringe[]" the asserted claims. *North Star Innovations*, 2017 WL 5501489, at *2. They do not. The slight alterations to the claim language by using other well-known nomenclature to describe Defendants' products do nothing to articulate *why* the accused class of Samsung DRAM products infringe the asserted patents. Nor do the alterations articulate *why* or how the use of the

---

[3] Plaintiff's allegations of the CMP tool's infringement of method claims in the '974 patent do not merely "parrot" the claim language. (D.I. 14-1, Ex. E). However, as noted above, these claims still fail because Plaintiff has not sufficiently identified the infringing actor.

9

CMP tool in semiconductor manufacturing infringes the '386 patent. Plaintiff's Complaint fails to move beyond the legal conclusions that Samsung DRAM products infringe the '492, '559, and '201 patents because they are comprised of all elements in the claim and the CMP tool infringes the '386 patent because it is comprised of all elements of the claim. This, without more, is insufficient to plausibly allege patent infringement of a class of products under Rule 12(b)(6). Thus, Plaintiff's Complaint fails to sufficiently plead direct infringement of the '492, '559, and '201 patents by the general class of Samsung DRAM products or of the '386 patent by manufacturing semiconductors using the CMP tool.

### ii. Indirect Infringement

To sufficiently allege indirect infringement, a Complaint must also contain allegations of an underlying act of direct infringement. *Varian Med. Sys., Inc. v. Elekta AB*, 2016 WL 3748772, at *3 (D. Del. July 12, 2016) (citing *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 & n.3 (2014)). To the extent that direct infringement of the patents-in-suit has not been sufficiently pled, the indirect infringement claims also suffer from pleading defects.

### E. Plaintiff's Request for Leave to Amend

Plaintiff has requested that the Court grant it leave to amend its Complaint to cure any defects. (D.I. 13 at 18-19). Defendants have not stated any opposition to this request. (D.I. 15). As Plaintiff recognizes, "In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court will grant Plaintiff's request for leave to amend its Complaint.

### IV. CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss for Failure to State a Claim is GRANTED. Plaintiff's request for leave to amend is also GRANTED.

An accompanying order will be entered.